# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

SEARLE, OAKEY & MILLER v.
LAWRENCE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8593. Decided May 7, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**490. EXHIBITS—480 Evidence.**
1. Rejection of exhibits, even if properly admissible, not ground for reversal unless prejudicial error.
2. Where witness, on suggestion of trial judge, and without objection, reads from exhibit in evidence all that appears therein, that in any way relates to the question in controversy, rejection of such exhibit not prejudicial error.

**70. AMENDMENTS—923. Pleadings.**
Where refusal of trial court to permit amendment of petition to conform with proof, is claimed as error, records must show request for permission to amend, or judgment will not be reversed.

**396. DIRECTED VERDICTS.**
Failure to renew, at close of all evidence, motion for directed verdict, fatal to claimed error for refusal to grant motion.

Error to Common Pleas.

Judgment affirmed.

Thos. J. Long, Cleveland, for Searle, Oakey & Miller.

Christian J. Bannick, Cleveland, for Lawrence.

### FULL TEXT.

LLOYD, J.

Plaintiff in error seeks to reverse a judgment of $1577.27 rendered in its favor on a verdict returned at the trial of an action brought in the Court of Common Pleas against the defendant in error in which it claimed an indebtedness to it from the defendant in error of $4574.74.

The plaintiff, Searle, Oakey & Miller, a partnership, claimed that conformably to a contract made by it with the defendant, Clara A. Lawrence, it made an audit of the accounts of the defendant, who thertofore had been guardian and trustee of her two daughters and with whom she was in dispute as to the proper accounting to be made by her to them. The evidence does not disclose the value of the interests or property of the daughters of which defendant was trustee. The defendant denied the extent of the services performed and the question principally in dispute was as to the time actually required and expended by the plaintiff in the performance of the contract with the defendant.

Plaintiff seeks this court to reverse this judgment because

1. The trial court refused to receive in evidence certain exhibits designated as plaintiff's exhibits numbered 3, 4 and 7.

2. Refusal of the trial court to permit plaintiff to amend its petition to conform with the proof which it was claimed showed an account stated.

3. Refusal of the court to direct a verdict for the plaintiff and to grant a new trial in its favor; and

4. That the verdict is against the weight of the evidence.

Exhibits 3 and 4 were agreements of defendant in error with her daughters, Clara and Hazel, as to the matters in dispute between them, and the only evidential value of either of them as to the questions in issue in the instant case would be, as claimed by plaintiff in its brief, that certain of the stipulations contained therein tended to prove that the contract price for the services to be rendered by plaintiff to defendant was in excess of that which defendant alleged and contended was agreed upon. Since the verdict of the jury was more than the amount which defendant contended plaintiff was to receive, we are unable to see that the rejection of those exhibits, even if properly admissible, was prejudicial error. Exhibit 7 was a memorandum of a Mr. Williams, an accountant in the employ of the plaintiff who had died prior to the trial of the action in the Court of Common Pleas. This exhibit was offered in evidence by plaintiff's counsel, but it does not appear in the bill of exceptions that the trial judge passed upon the question of its admissibility or that plaintiff excepted to the suggestion of the court that the witness, Coddington, who was testifying with respect thereto, state to the jury what the memorandum book showed "as to the time Williams spent on the Lawrence audit report." Conforming to this suggestion, Mr. Coddington read therefrom in evidence all that appeared therein that in any way related to the question in controversy. Answering a question as to whether he had omitted anything, Coddington testified, "I read all that was in there, yes." Obviously the claim of error as to exhibit 7 is not well taken.

We are unable to find anywhere in the record any request by plaintiff for permission to amend its petition, which disposes of the error claimed by plaintiff in that respect.

The motion of plaintiff for a directed verdict was not renewed at the close of all of the evidence, which fact makes unnecessary further comment as to the alleged error of the court in refusing to grant the motion of the plaintiff for a directed verdict.

Nor are we able to say that the verdict of the jury is manifestly against the weight of the evidence.

Having disposed of all of the alleged errors and finding none prejudicial to the plaintiff in error, the judgment is affirmed.

(Richards and Williams, JJ., concur.)